

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHIPPING WOOD FUND, LLC; )<br>BRIARGATE TRADING, LLC; )<br>KENNA TRADING, LLC; )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>DEPARTMENT OF THE TREASURY,)<br>INTERNAL REVENUE SERVICE )<br>)<br>Respondent. ) | CIVIL ACTION FILE<br><br>NUMBER 1:08-cv-459-TCB |

## ORDER

This case is currently before the Court on Magistrate Judge Gerrilyn G. Brill's Report and Recommendation ("R&R") [13]. In her R&R, Judge Brill recommended that Petitioners' petition to quash the IRS summonses [1] be denied and the IRS's motions to deny the petition to quash and for enforcement of the IRS summonses [3] be granted. Petitioners timely filed objections to Judge Brill's R&R, arguing that they were entitled to (1) an express analysis of their substantive arguments

regarding whether the IRS had made a *prima facie* case in support of its motion to enforce, and (2) "the benefit of discovery, an evidentiary hearing or oral argument" on the IRS's motion to enforce the summonses [16].

## I. Discussion

### A. Legal Standard

After conducting a careful and complete review of a magistrate judge's findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982), *cert. denied*, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). Those portions of a report and recommendation to which an objection is not asserted are reviewed for plain error. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

B.  **Analysis**

Having received no specific objections to the R&R's recitation of the facts, the Court incorporates herein Section I ("Background") of the R&R.

1. **Petition to Quash IRS Summonses and Motion to Deny Petition to Quash**

Petitioners have asserted no specific objection to the portion of the R&R in which Judge Brill considered the petition to quash the IRS summonses or the IRS's motion to deny the petition. The Court finds no plain error with regard to Judge Brill's factual or legal conclusions regarding the petition to quash or the IRS's motion to deny the petition, and therefore adopts that portion of the R&R as its order.

2. **Motion to Enforce Summonses**

In the R&R, Judge Brill granted without discussion the IRS's motion to enforce the summonses. Petitioners argue that they were entitled to an express analysis of their substantive arguments regarding whether the IRS had made a *prima facie* case in support of its motion to enforce the summonses. Petitioners also contend that Judge Brill erred when she resolved the IRS's motion to enforce the summonses without allowing Petitioners the benefit of discovery, an evidentiary hearing or oral argument.

3

### a. Establishment of a *Prima Facie* Case

In order for a summons to be enforceable, the IRS must show "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the Code have been followed . . . ." *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *accord United States v. Morse*, 532 F.3d 1130, 1132 (11th Cir. 2008). The IRS's burden is minimal and may be satisfied "by presenting the sworn affidavit of the agent who issued the summons attesting to these facts." *Morse*, 532 F.3d at 1132.

In the R&R, Judge Brill noted that Larry Weinger, the IRS agent who coordinates the examination team that includes both of the issuing agents, swore in an affidavit "that the IRS issued the summonses for a legitimate purpose, the summoned material is relevant to that purpose, the information sought is not within the possession of the IRS, and the IRS in issuing the summonses followed the administrative requirements of the Internal Revenue Code." The Court has reviewed Agent Weinger's affidavit and confirms Judge Brill's finding. Consequently, the Court agrees with Judge Brill's implicit determination that the IRS satisfied its *Powell*

evidentiary burden and thus established a *prima facie* case for enforcement of the summonses.

### b.   Entitlement to Discovery or a Hearing

Once the IRS has made its *prima facie* case for enforcement, the burden shifts to Petitioners "to disprove one of the four elements of the government's *prima facie* showing or convince the court that enforcement of the summons would constitute an abuse of the court's process." *Id.* (internal punctuation and citation omitted).

Petitioners allege that the IRS is using its subpoena power solely to harass and intimidate them and to gather evidence for a criminal prosecution. To prevail on such a claim of wrongful purpose, Petitioners would have to establish "that the IRS, as an institution, has abandoned any pursuit of taxpayer's civil tax liability," a heavy burden "requiring the taxpayer to prove an extraordinary departure from IRS' [sic] established procedures." *United States v. Se. First Nat'l Bank*, 655 F.2d 661, 664-65 (5th Cir. 1981)[1] (citing *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316 (1978) (internal punctuation omitted)). Petitioners argue that they are entitled to discovery and an evidentiary hearing on the matter and that if

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

the Court adopts the R&R in full it will deprive them of a fair opportunity to substantiate their claims. The IRS contends that no hearing or discovery is necessary and urges the Court to adopt Judge Brill's recommendation to grant the motion to enforce.

The IRS presents two arguments against the propriety of discovery or an evidentiary hearing. First, it contends that "a party challenging IRS summonses will be entitled to an adversary hearing only upon the production of some substantive evidence corroborating the claim of abuse." *Hintze v. I.R.S.*, 879 F.2d 121, 126 (4th Cir. 1989). It then argues that a 1982 amendment to 26 U.S.C. § 7602 created a bright-line rule that, so long as no Justice Department referral has occurred, an IRS investigation could not be improperly motivated by a criminal investigative purpose. *See Moutevelis v. United States*, 727 F.2d 313, 314-15 (3d Cir. 1984).

Although the IRS cites myriad cases from foreign circuits that hold otherwise, the Court finds that the law of the Eleventh Circuit does not require Petitioners to provide substantive corroborating evidence before the Court may grant them an adversarial hearing. *See Se. First Nat'l Bank*, 655 F.2d at 667 (holding that "an allegation of improper purpose is sufficient to trigger a limited adversary hearing where the taxpayer may

question IRS officials concerning the Service's reasons for issuing the summons."). In *Southeast First National Bank*, the court explained that if it were to require a petitioner to provide a factual background in support of its improper purpose claim, the petitioner "might be placed in the unfair dilemma of having to provide supporting facts, but having no way to obtain those facts." *Id.* at 666 (quoting *United States v. Harris*, 628 F.2d 875, 880 n.6 (5th Cir. 1980)) (internal punctuation omitted). The court determined that an adversarial hearing would be sufficient to allow a petitioner to challenge the legality of an IRS summons. *Id.* After the hearing, a court may order discovery, but only if it determines after observing and, if necessary, questioning the agent itself, that further exploration is warranted. *Id.*

The IRS's argument that § 7602 created a bright-line rule precluding a determination of improper motive in the absence of a Justice Department referral is also unconvincing. First of all, the argument addresses only Petitioners' claims that the summonses were issued for the improper purpose of conducting a criminal investigation and does not counter their contention that they are entitled to a hearing on their claims that the summonses were issued for the improper purpose of harassment. Second,

the IRS makes no showing that the Eleventh Circuit recognizes any such bright-line rule.

In *Moutevelis*, the Third Circuit case upon which the IRS exclusively relies, the court does recognize such a rule. See 727 F.2d at 314-15 (explaining that Congress adopted the position of the dissenting justice in *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 320-21 (1978) "that there should be a 'bright line' test for the validity of Internal Revenue Service summonses," and therefore absent a Justice Department referral, a summons could not be held unenforceable as having been issued "in bad faith and solely in furtherance of a criminal investigation."). However, the IRS points to no authority suggesting that the Eleventh Circuit has also recognized such a bright-line rule, and lacking any citation to legislative purpose or history, this Court is loathe to depart from the more permissive standard provided in *Southeast First National Bank*.

Therefore, the Court finds that prior to its ruling on the IRS's motion to enforce its summonses, Petitioners are entitled to a limited adversarial hearing at which they may question IRS officials concerning the agency's reasons for issuing the summonses. See *Se. First Nat'l Bank*, 655 F.2d at 667.

## III. Conclusion

The Court has conducted a *de novo* review of portions of the R&R to which Petitioners have specifically objected and a plain error review of the remainder. After careful consideration of Petitioners' petition to quash, the IRS's motions to deny the petition to quash and for enforcement of the summonses, Petitioners' response, the IRS's reply, Petitioners' surreply, the magistrate judge's R&R, Petitioners' objections to the R&R, and the IRS's response, the Court ACCEPTS IN PART and REJECTS IN PART the magistrate judge's report and recommendation [13].

The Court ADOPTS AS ITS ORDER the portion of the R&R in which the magistrate judge recommends denying Petitioners' petition to quash the IRS summonses [1] and granting Respondent's motion to deny the petition to quash [3]; the petition to quash is hereby DENIED [1], and the motion to deny the petition to quash is hereby GRANTED [3]. The Court REJECTS as premature the magistrate judge's recommendation to grant the motion to enforce the IRS summonses [3].

Petitioners' request for an adversarial hearing at which they may challenge the IRS's motion to enforce its summonses is hereby GRANTED. The case is hereby REMANDED to Magistrate Judge Brill to conduct the

hearing, which shall be limited in duration to whatever time Judge Brill deems necessary and shall focus exclusively on the IRS's reasons for issuing the summonses, and consideration of the IRS's motion to enforce [3].

IT IS SO ORDERED this 13th day of January, 2009.

_____
Timothy C. Batten, Sr.
United States District Judge